UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. MARTIN,

        Plaintiff,

v.                                                     CAUSE NO. 3:19-CV-1102-DRL-MGG

TAMMY JONES, *et al.*,

        Defendants.

## OPINION AND ORDER

Kevin L. Martin, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Martin alleges that, on July 17, 2019, he transferred to the Westville Control Unit. His sincerely-held religious beliefs require him to consume a kosher diet, but he was unable to obtain this diet until August 8, despite informing Aramark Supervisor Tammy Jones, Chaplain Mike Schultz, and Sergeant Reed of his needs. Mr. Martin asserts that these defendants violated his rights under the Free Exercise Clause of the First Amendment by refusing to provide him a kosher diet as required by his religious faith.

"[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532, (1993). "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central

religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987) *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005). Based on the allegations here, Mr. Martin asserts a plausible claim under the Free Exercise Clause against Supervisor Jones, Chaplain Schultz, and Sergeant Reed.

Mr. Martin further asserts a claim against Grievance Officer Harvil for mishandling the grievances regarding his need for a kosher diet. However, "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Consequently, Mr. Martin may not proceed on a claim against Grievance Officer J. Harvil.

For these reasons, the court:

(1) GRANTS Kevin L. Martin leave to proceed on a claim for money damages against Supervisor Jones, Chaplain Schultz, and Sergeant Reed for violating his rights under the Free Exercise Clause of the First Amendment by refusing to provide him a kosher diet from July 19, 2019, to August 7, 2019;

(2) DISMISSES Grievance Officer Harvil;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Supervisor Jones, Chaplain Schultz, and Sergeant Reed at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 3) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Supervisor Jones, Chaplain Schultz, and Sergeant Reed to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kevin L. Martin has been granted leave to proceed in this screening order.

SO ORDERED.

January 16, 2020

*s/ Damon R. Leichty*
Judge, United States District Court