UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. MARTIN,

               Plaintiff,

      v.                             CAUSE NO. 3:19-CV-1102 DRL-MGG

TAMMY JONES *et al.*,

               Defendants.

OPINION AND ORDER

Kevin L. Martin, a prisoner without a lawyer, proceeds on a First Amendment free exercise claim against Supervisor Jones, Chaplain Schultz, and Sergeant Reed for refusing to provide him a kosher diet from July 19, 2019 to August 7, 2019. Chaplain Schultz and Sergeant Reed filed a summary judgment motion, arguing that Mr. Martin did not complete the grievance process for this claim.

In a declaration, John Hicks, litigation liaison at the Westville Correctional Facility, attested that a grievance process is available to inmates and is explained to them at orientation. ECF 39-1 at 1-2. The grievance policy is also available to inmates at the law library. *Id.* This policy sets forth a four-step grievance process. ECF 39-2 at 9-13. First, an inmate must attempt to resolve a complaint informally, typically by speaking to the staff member most directly associated with the complaint. *Id.* If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the grievance specialist. *Id.* Inmates must submit formal grievances within ten days of the incident. *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may

file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.* According to the grievance records, Mr. Martin did not submit a grievance about his need for a kosher diet. ECF 39-3.

In his response brief (ECF 47), Mr. Martin attests that he submitted such a grievance on August 12, 2019, and that the grievance specialist returned it. According to Mr. Martin, he resubmitted the grievance within five business days but never received a response. He then followed up by filing a grievance and this lawsuit against the grievance specialist for not responding to his grievances. Mr. Martin also attached a letter to his response brief in which the grievance specialist restricted him from filing grievances for flooding the grievance office with frivolous grievances with an effective date of October 22, 2019. ECF 47-1 at 6. In the operative complaint in this case, Mr. Martin named the grievance specialist as a defendant and included allegations that are similar to the attestations in the response brief, though the court did not allow Mr. Martin to proceed on a claim against the grievance specialist. ECF 3 at 5-7, ECF 10.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and

draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The parties agree that Mr. Martin didn't complete the grievance process for this claim but disagree whether the grievance process was available to him. Viewing the evidence in the light most favorable to Mr. Martin, the record indicates that he made substantial efforts to complete the grievance process, but the grievance specialist prevented him from doing so. This evidence is sufficient to create a genuine dispute of material fact on whether the grievance process was available to Mr. Martin for purposes of his claim. Therefore, the motion for summary judgment must be denied.

For these reasons, the court:

(1) DENIES the motion for summary judgment (ECF 37);

(2) GRANTS Chaplain Schultz and Sergeant Reed until <u>February 24, 2021</u> to file a notice as to whether they intend to withdraw the exhaustion defense or whether they intend to proceed with a hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); and

(3) CAUTIONS Chaplain Schultz and Sergeant Reed that, if they do not respond by this deadline, the affirmative defense of failure to exhaust administrative remedies will be waived.

SO ORDERED.

February 1, 2021                                             *s/ Damon R. Leichty*
                                                                         Judge, United States District Court