UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN L. MARTIN,

        Plaintiff,

  v.                                    CAUSE NO. 3:19-CV-1102-DRL

TAMMY JONES *et al.*,

        Defendants.

## OPINION AND ORDER

Kevin L. Martin, a prisoner without a lawyer, asks the court to reconsider its order granting summary judgment for the defendants on his claim that they denied him a kosher meal in violation of the First Amendment. ECF 139. The evidence at summary judgment showed that, when Mr. Martin was transferred to Westville Correctional Facility on July 19, 2019, he was not added to the facility's kosher meal list, though he had been approved for a kosher meal since 2017. ECF 137 at 3. He immediately protested and began receiving kosher meals less than three weeks later around August 7, 2019. *Id.*

There was no evidence to explain why Mr. Martin was left off the list, and defendants speculated it was due to an administrative error. *Id.* at 3 n.1. The court granted summary judgment in favor of the defendants because the undisputed facts showed they were not personally involved in violating Mr. Martin's First Amendment rights by denying him a kosher diet. *Id.* Specifically, the court concluded that (1) there was no evidence Supervisor Jones was aware of Mr. Martin's kosher diet request; (2) Sgt. Reed

acted reasonably by submitting Mr. Martin's kosher diet request to the Chaplain's Office; and (3) Chaplain Schultz took reasonable steps to investigate and resolve Mr. Martin's kosher diet request. *Id.*

In his motion for reconsideration, Mr. Martin first argues the court erred by granting defendants summary judgment because they did not identify who was responsible for him not being on the kosher meal list. ECF 139 at 6. But at summary judgment the burden is not on defendants to disprove Mr. Martin's claim; rather they must point to the absence of evidence in the record on a material issue and the burden shifts to Mr. Martin to produce evidence and create a conflicted issue of material fact. *See* Fed. R. Civ. P. 56(c)(1); *Moran v. Calumet City*, 54 F.4th 483, 494 (7th Cir. 2022).

Next, Mr. Martin makes several arguments contesting portions of the defendants' affidavits and sworn declarations that were submitted at summary judgment. ECF 139 at 11-24. He reiterates various arguments he raised in his response to the summary judgment motions, including that Sgt. Reed never contacted the Chaplain's Office and that he provided grievances to his caseworker to send to Supervisor Jones. *Id.* But the court already considered and rejected these arguments in ruling on the summary judgment motions. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments").

Finally, Mr. Martin argues he was not competent to litigate his claims against the defendants and should have been appointed counsel. ECF 139 at 4-9, 23-26. But this is not a valid basis for reconsideration of the court's summary judgment order, as Mr. Martin

responded adequately to the summary judgment motions and his competency was not a factor in granting summary judgment in favor of the defendants. *See Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). Mr. Martin asserts he has "newly discovered evidence" that shows he was not competent to litigate his claims (ECF 139 at 4, 24), but his affidavit from Anthony Williams does not constitute newly discovered evidence. Mr. Williams attests that he read Mr. Martin all of the court filings because Mr. Martin did not understand federal court procedures. ECF 139-2 at 1-2. But Mr. Martin knew this information during the summary judgment briefing, and newly discovered evidence must be evidence that was not previously available. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Thus, Mr. Martin has not provided any argument that warrants reconsideration of the court's order granting summary judgment in favor of the defendants.

For these reasons, the motion to reconsider (ECF 139) is DENIED.

SO ORDERED.

March 6, 2023    *s/ Damon R. Leichty*
                  Judge, United States District Court